Case 3:20-cv-00338-BRW   Document 1-3   Filed 07/07/20   Page 1 of 10

Electronically Filed
3/9/2020 3:10 PM
Second Judicial District, Clearwater County
Carrie Bird, Clerk of the Court
By: Christy Gering, Deputy Clerk

Christopher Caldwell, ISB #5134
chris@caldwell-law.net
CALDWELL LAW GROUP, P.L.L.C.
350 N 9th St, Ste 500
Boise, Idaho 83702
Telephone: (208) 743-5299
Facsimile: (208) 743-7432

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CLEARWATER

| | |
|---|---|
| REBECCA PATTERSON,<br><br>    Plaintiff,<br><br>-vs-<br><br>CITY OF ELK RIVER, a political subdivision of the State of Idaho,<br><br>    Defendant. | CASE NO. CV18-20-0067<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Fee Category A-1<br>Fee: $221.00 |

COMES NOW, Rebecca Patterson, the above-named Plaintiff, by and through her attorney of record Christopher Caldwell, and for her cause of action against Defendant City of Elk River, Idaho, hereby COMPLAINS AND ALLEGES as follows:

## PARTIES

1. Plaintiff Rebecca Patterson (hereinafter "Patterson") at all times herein mentioned has been, and presently is, a resident of Nez Perce County, Idaho.

2. Defendant Elk River, Idaho ("Elk River") at all times herein mentioned has been, and presently is, a political subdivision of the State of Idaho as defined by Idaho Code §6-902(2).

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

3.  The employment practices alleged herein were committed in the Second Judicial District of the State of Idaho, in and for the County of Clearwater.

## JURISDICTION AND VENUE

4.  Jurisdiction is appropriate pursuant to Idaho Code § 1-705.

5.  Venue is proper, pursuant to Idaho Code § 5-404, because this cause of action arose within Clearwater County and the principal place of business for the Defendant is located within Clearwater County.

## PROCEDURAL REQUIREMENTS

6.  Plaintiff timely filed charges of unlawful employment practices with the Idaho Human Rights Commission, and concurrently with the Equal Employment Opportunity Commission raising the issues complained of herein.

7.  Plaintiff received a Notice of Right to Sue from the Idaho Human Rights Commission and a Notice of Right to Sue from the Equal Employment Opportunity Commission authorizing Plaintiff to commence a civil action. Plaintiff has filed her complaint within 90 days from the date of said notices authorizing her to bring her actions.

8.  On or about September 12, 2018, Plaintiff did file with the City of Elk River a Notice of Tort Claim pursuant to and in compliance with Idaho Code §6-901 *et. seq.* which said tort claim was denied.

## GENERAL ALLEGATIONS

9.  Ms. Patterson began employment with City of Elk River in 2004, working as a Clerk/Treasurer.

10. Ms. Patterson was an exemplary employee, earning good performance reviews and never being "written-up" or otherwise disciplined during her employment with Elk River.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

11. During or about October 2015, Ms. Patterson was diagnosed with multiple sclerosis. Ms. Patterson informed the Elk River City Council of her diagnosis of multiple sclerosis in the spring of 2017.

12. After her diagnosis in October 2015, Ms. Patterson received two employment reviews by then Elk River Mayor James Martin.

13. In September 2016 Mayor Martin found that Ms. Patterson had done a "Good job. I don't have to worry about her. She has been a good clerk does her job."

14. In the spring of 2017, Ms. Patterson met with Mayor Martin and city council members Rick Trott, Kami Nibler, Tena Williams and Tammy Pippenger in Executive Sessions under open meeting laws (IC §74-206(1)(b)). During the meeting, Ms. Patterson informed all present of her diagnosis and discussed the eventual need to hire someone to replace her. She advised that she would be willing to train Christina Bartlett to eventually assume Ms. Patterson's duties.

15. In or around May 2017, Mayor Martin and the city council agreed to allow Ms. Patterson to reduce her hours in consideration of her disability as a reasonable accommodation from 40 hours a week to 35 hours a week.

16. On October 16, 2017, Ms. Patterson attended a meeting with the city council to work reduce her weekly hours worked from 35 to 30 hours a week as a reasonable accommodation for her disability.

17. On November 3, 2017, Mayor Martin commented that "our administration is in very good shape. Becky is one hell of a good office person, she took care of me 13 years as Mayor. I don't know what I would do without her."

18. In November 2017, Dave Brown was elected as the Mayor of Elk River.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

19. Following Mayor Brown's induction as Mayor, Ms. Patterson was working, with the approval of Elk River, 6 hours per day, 5 days per week, as a reasonable accommodation for her disability. During this time, Mayor Brown did not make himself available for meetings and consultation with Ms. Patterson, typically coming in after Ms. Patterson had left work for the day.

20. On January 22, 2018, then newly elected Mayor Brown came in earlier than usual, around 10:30 am, and requested, unexpectedly, that Ms. Patterson go over some budget issues with him. During this meeting, Mayor Brown was defensive with Ms. Patterson and asked Ms. Patterson questions outside her area of expertise. Ms. Patterson explained to Mayor Brown various accounting laws particular to governmental entities and suggested that they could meet with the city accountant to discuss the issues further.

21. During this time, Mayor Brown did not allow for adequate time for Ms. Patterson to prepare for meetings.

22. On April 17, 2018, Mayor Brown called Ms. Patterson into his office. He held up a piece of paper and said, to the following effect, "Here's how it's going to go, you have two choices. Either termination without anything or accept and sign an agreement offering three months of pay and medical through October 1, 2018."

23. Ms. Patterson was fired from her employment with Elk River on April 24, 2018, after she declined to resign.

24. Prior to Ms. Patterson's termination and after Mayor Brown took office, Mayor Brown asked a former city council member on three different occasion to write negative performance reviews as a pretext to terminate Ms. Patterson, however, the former council person refused.

25. Mayor Brown advised a former council member that "I've made a commitment.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

I'll get Becky Patterson."

26. Part of the reason for Ms. Patterson's termination by Elk River was due to the cost of her health insurance as it allegedly related to her disability.

27. Ms. Patterson was a qualified individual with a disability and was able to perform the essential functions of her job, with reasonable accommodation, up and through the time of her termination by Elk River.

28. At the time of her termination, Ms. Patterson was 59 years old.

29. After her termination, Ms. Patterson was replaced by Christina Bartlett, who was significantly younger than Ms. Patterson, at a wage less than that earned by Ms. Patterson and for a decreased benefit package cost.

## COUNT ONE

### *Disability Discrimination in Violation of Idaho Human Rights Act and the Americans with Disabilities Act*

30. Ms. Patterson hereby realleges the allegations contained in paragraphs 1 through 29 as set forth above and incorporates the same herein by reference.

31. At all relevant times Ms. Patterson was a qualified individual with a disability within the meaning of the Americans with Disabilities Act (42 USC §12101, *et seq.*).

32. Elk River intentionally and with deliberate indifference failed to engage with Ms. Patterson in an interactive process to determine whether her disability could be reasonably accommodated prior to terminating Ms. Patterson's employment, Elk River's decision to terminate Ms. Patterson's employment and otherwise take adverse employment action, was based on Ms. Patterson's disability.

33. Elk River intentionally and with deliberate indifference retaliated against Ms.

Patterson for seeking reasonable accommodations in violation of the Americans with Disabilities Act.

33.     The actions of Elk River in intentionally and with deliberate indifference failing to engage with Ms. Patterson in an interactive process to determine whether her disability could be reasonably accommodated, in failing to provide reasonable accommodations, retaliating against Ms. Patterson, and terminating Ms. Patterson's employment because of her disability is in violation of the Idaho Human Rights Act, Idaho Code § 67-5901, *et seq.*, and the Americans with Disabilities Act, 42 USC §12101, *et seq.*, which prohibits discrimination based on disability.

35.     As a result of Elk River's violation of the Idaho Human Rights Act, Idaho Code § 67-5901, *et seq.*, and the Americans with Disabilities Act, 42 USC §12101, *et seq,* Ms. Patterson is entitled to compensatory damages including, but not limited to, damages for pain, suffering, emotional distress, lost wages and lost benefits in an amount to be determined with specificity at trial.

36.     Ms. Patterson is entitled to recover her attorney fees and costs incurred in pursuing this matter pursuant to 42 U.S.C § 12117(a), Idaho Code § 12-121, I.R.C.P. 54, and any other applicable provisions of federal or Idaho law.

37.     Ms. Patterson hereby reserves this paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

## COUNT TWO

### *Wrongful Termination*

38. Ms. Patterson hereby realleges the allegations contained in paragraphs 1 through 37 as set forth above and incorporates the same herein by reference.

39. Ms. Patterson was terminated from her position with Elk River for an improper and illegal reason.

40. It is the public policy of the State of Idaho that it is beneficial to the citizens of this state to prevent the dismissal from employment of Idaho's workers for illegal reasons, to wit, having a physical disability.

41. Ms. Patterson was terminated from her employment with Elk River, because she suffered a disability. This termination is violative of Idaho's public policy, as embodied in the Idaho Human Rights Act (I.C. §67-5901, *et seq.*). An employment termination in contravention of public policy is wrongful and actionable.

42. Elk River's assertions that Ms. Patterson was terminated because she was unable to do the essential functions of the job is a mere pretext used to conceal the true and improper motivation for her termination, to wit, her disability.

43. The conduct of Elk River was an extreme deviation from reasonable standards of conduct undertaken with knowledge of, or a disregard for, the likely consequences of such conduct.

44. Ms. Patterson has suffered damages, on account of these acts of Elk River, for lost wages, loss of future earnings, loss of employment benefits, loss of future employment benefits, and mental and emotional distress.

45. As a further direct and proximate result of Elk Rivers' violation of the Idaho Human Rights Act, as heretofore described, Ms. Patterson has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with

**COMPLAINT AND DEMAND FOR JURY TRIAL - 7**

Elk River, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Ms. Patterson. Ms. Patterson requests that costs and attorneys' fees be awarded to her.

46. As a direct and proximate result of the acts and omissions of Elk River by and through their agents and/or representatives, Ms. Patterson has sustained damages as stated in the prayer for relief below.

## COUNT THREE

*Age Discrimination in Employment Act/ Idaho Code §67-5901 et seq.*

47. Ms. Patterson hereby realleges the allegations contained in paragraphs 1 through 46 as set forth above and incorporates the same herein by reference.

48. Ms. Patterson was qualified to perform her job with Elk River and was over the age of 40 and a member of a protected class pursuant to the Age Discrimination in Employment Act and Idaho Code §67-5901 *et. seq.*

49. Ms. Patterson was discriminated against and terminated due to her age.

50. Ms. Patterson was replaced by someone substantially younger at a lower wage and benefit cost to Elk River.

## COUNT FOUR

*Intentional Infliction of Emotional Distress*

51. Ms. Patterson hereby realleges the allegations contained in paragraphs 1 through 50 as set forth above and incorporates the same herein by reference.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 8**

52. Elk River's conduct as set forth and described in this Complaint constitutes extreme and outrageous conduct which intentionally and/or recklessly caused and continue to cause Ms. Patterson severe emotional distress.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment, Order and Decree of this Court as follows:

1. For judgment of the court awarding Plaintiff damages against Defendant in excess of $10,000.00, for both economic and non-economic damages, incurred as a result of Defendant's wrongful termination of Plaintiff in violation of the Idaho Human Rights Act, the Americans with Disabilities Act, Idaho Public Policy, and for the Intentional Infliction of Emotional Distress suffered by Plaintiff.

2. For prejudgment interest on all damages recovered at the rate set forth within Idaho Code § 28-22-104.

3. For Plaintiff's reasonable attorney fees and costs incurred in prosecuting this action; and

4. For such other and further relief as court deems just and necessary.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Idaho Rule of Civil Procedure 38(b).

DATED this __9__ day of March, 2020.

                CALDWELL LAW GROUP, PLLC

                By: _____
                     Christopher Caldwell
                     Attorney for Plaintiff